UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALIND BROWN, #384686,

        Petitioner,

v.                               Case No. 11-cv-14336
                               HONORABLE MARK A. GOLDSMITH

MILLICENT WARREN,

        Respondent.

_____/

## OPINION & ORDER
## (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 30), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Rosalind Brown ("Petitioner"), currently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, was convicted of first-degree murder, Mich. Comp. Laws § 750.316, following a jury trial with separate juries with co-defendant Montel Pettiford in the Genesee County Circuit Court. She was sentenced to life imprisonment without the possibility of parole in 2008. In her pleadings, Petitioner raises claims concerning: (i) the conduct of the prosecutor in shifting the burden of proof during closing rebuttal argument, (ii) the exclusion of evidence and the right to present a defense, (iii) the admission of a co-defendant's hearsay statement and the right of confrontation, (iv) the effectiveness of trial counsel in failing to present an alibi defense and failing to request an evidentiary hearing to challenge expert testimony, (v) the admission of certain evidence, (vi) the withholding of alleged exculpatory evidence, (vii) a witness's shifting of the burden of proof, (viii) the admission of a co-defendant's statements; (ix) and the effectiveness of appellate counsel. Respondent has filed an answer to the petition contending that it should be denied.

1

For the reasons that follow, the Court finds that Petitioner is not entitled to relief on her claims and her habeas petition must denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner's conviction arises from the drowning death of her 11-year-old stepson in 1985. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, see 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendants' convictions arise from the drowning death of defendant Brown's 11–year–old stepson in April 1985. Defendant Pettiford is defendant Brown's brother. The victim disappeared on April 12, 1985. His body was discovered in the Flint River on April 30, 1985. The victim's death was initially ruled an accidental drowning. Although a criminal investigation was opened, no charges were brought.
>
> The investigation was re-opened in 2004 after additional information was received. At trial, defendant Pettiford's ex-wife, Cathy Pettiford, testified pursuant to a grant of immunity. Cathy testified that before the victim's disappearance, she observed defendants Pettiford and Brown help the victim into her house. The victim was not able to walk on his own. Cathy saw defendant Pettiford give the victim a clear liquid from a brown bottle, and also saw him mix some of the same liquid into some eggs that defendant Pettiford instructed Cathy to feed to the victim. The victim complained that his stomach hurt. An hour or two later, Cathy observed defendants Pettiford and Brown leave the house while carrying the victim, who was unconscious. Defendants Pettiford and Brown later returned without the victim, and their shoes and pants were muddy and wet. According to Cathy, defendant Pettiford said that he had drowned the victim, and defendant Brown was crying.
>
> Other witnesses testified that defendant Brown made statements to them admitting her involvement in the victim's death. Defendant Brown's husband, Jestine, testified that at some point after 2004, defendant Brown told him that she and defendant Pettiford took the victim to the river and defendant Pettiford threw him in the water while she stayed in the car. Another witness, Twila Miller Cochran, testified that defendant Brown told her in 1994 that she gave the victim some medication and could not wake him up.
>
> A sample of the victim's blood obtained in 1985 revealed the presence of ethanol (grain alcohol), isopropanol (rubbing alcohol), and a trace amount of acetone. After the investigation was reopened, the victim's body was exhumed and a second autopsy was performed in 2005 by Dr. Ljubisa Dragovic. Tissue samples were not

tested due to the level of decomposition and the use of embalming fluid. However, Dr. Dragovic testified that the presence of mud in the victim's lungs, but not his stomach, indicated that the victim was unconscious when he went into the water, which would have been consistent with the high ethanol level in his blood. Dr. Dragovic also testified that the alcohol levels in the victim's blood indicated that it was ingested before death, as opposed to produced by the body naturally after death due to decomposition. Dr. Joyce DeJong, a defense witness, agreed that drowning was the cause of death, but concluded that the manner was indeterminate. In her opinion, however, the alcohol levels were consistent with natural postmortem production, and she believed that no conclusions regarding consciousness could be drawn from the lack of fluid or mud in the victim's stomach. Dr. DeJong also believed that it would have been prudent to test the 2005 tissue samples for whatever additional information they could have yielded.

People v. Brown, No. 288552, 2010 WL 1814150, *1 (Mich. Ct. App. May 6, 2010) (unpublished, consolidated appeals).

Following her conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (i) the prosecutor improperly shifted the burden of proof during closing rebuttal arguments, (ii) she was denied the right to present a defense when she was precluded from introducing hearsay evidence from a police report, (iii) she was denied the right to confront witnesses when Cathy Pettiford testified that co-defendant Montel Pettiford told her that he drowned the victim, and (iv) she was denied her right to be tried solely on the evidence where Cathy Pettiford testified about her immunity agreement. The court denied relief on those claims and affirmed Petitioner's conviction and sentence. Id. at *4-7. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Brown, 788 N.W.2d 448 (Mich. 2010).

Petitioner then filed her initial federal habeas petition raising claims that were presented on direct appeal. While that case was pending, she moved to stay the proceedings so that she could return to the state courts to exhaust additional issues. The Court granted that motion and stayed the proceedings.

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that: (i) she was denied her right to the effective assistance of trial and appellate counsel, (ii) the testimony of toxicologist Dr. Felix Adatsi should not have been admitted, (iii) she was denied a fair trial when the prosecutor and trial court withheld evidence of a possible suspect who was interviewed in Virginia, (iv) Dr. Dragovic's testimony improperly shifted the burden of proof to the defense, (v) trial counsel was ineffective for failing to demand a <u>Daubert</u>[1] hearing before Dr. Adatsi testified, (vi) the trial court should not have admitted Cathy Pettiford's testimony that Montel Pettiford said he drowned the victim, and (vii) Cathy Pettiford was an incompetent witness. The trial court denied relief on those claims finding that Petitioner failed to satisfy the requirements of Michigan Court Rule 6.508(D). The court found that Petitioner failed to establish cause and prejudice for failing to raise certain claims on direct appeal, that some claims were raised and decided against Petitioner on direct appeal, and that the claims lacked merit. <u>People v. Brown</u>, No. 07-21158-FC (Genesee Co. Cir. Ct. Feb. 18, 2014). The court also issued a supplemental order denying Petitioner's requests for a <u>Ginther</u>[2] hearing and a <u>Daubert</u> hearing. <u>People v. Brown</u>, No. 07-21158-FC (Genesee Co. Cir. Ct. April 9, 2014). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied pursuant to Michigan Court Rule 6.508(D)(2) and Michigan Court Rule 6.508(D)(3)(a) and (b). <u>People v. Brown</u>, No. 323302 (Mich. Ct. App. Dec. 18, 2014). Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, but her application was rejected as untimely. <u>See</u> 7/28/15 Affidavit of Larry Royster, Michigan Supreme Court Clerk.

---

[1] <u>Daubert v. Merrell Dow Phamaceuticals, Inc.</u>, 509 U.S. 579 (1993) (establishing an evidentiary standard for the admissibility of scientific testimony under the Federal Rules of Evidence).

[2] <u>People v. Ginther</u>, 390 Mich. 436, 212 N.W.2d 922 (1973) (providing for a hearing on ineffective assistance of counsel claims in state court).

Petitioner thereafter returned to federal court and moved to re-open this case to proceed on an amended petition containing the claims she raised on direct appeal and collateral review of her conviction in the state courts. The Court granted the motion and re-opened the case. Respondent subsequently filed an answer to the habeas petition, as amended, contending that it should be denied because the claims are procedurally defaulted and/or lack merit. Petitioner filed a reply to that answer.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal

habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, __ U.S. __, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to

afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, __ U.S. __, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, __ U.S. __, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-126 (2008)); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012); see also Lopez v. Smith, __ U.S. __, 135 S. Ct. 1, 2 (2014). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503

F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003));

Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## III. DISCUSSION

### A. Prosecutorial Misconduct Claim

Petitioner first asserts that she is entitled to habeas relief because the prosecutor improperly shifted the burden of proof to the defense during closing rebuttal arguments by stating that the defense expert, Dr. DeJong, could have tested tissue samples taken from the victim that were not tested by the medical examiner, Dr. Dragovic. The prosecutor made the following argument:

> Now, here's the kicker to this. If there's someone that disagreed with that, and Dr. DeJong apparently does, Dr. DeJong could have looked at the samples. I mean why are we playing this game? If you believe that you could have done something, then, Doctor, you test it. Don't turn around and tell me I'm wrong for not testing them and you don't even look at them. You test them. You look at them. You explain your results. Don't come into this Courtroom, and sit in that chair, and say I didn't look at anything, but yet you're wrong. That right there should tell you that that's just not correct. If you really believe that the tests could have been done and would have caused valid results, then you test them. You look at them.

Brown, 2010 WL 1814150 at *4. Respondent contends that this claim is barred by procedural default and that it lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied

upon by the state courts, and the procedural rule is "adequate and independent." <u>White v. Mitchell</u>, 431 F.3d 517, 524 (6th Cir. 2006); <u>Howard v. Bouchard</u>, 405 F.3d 459, 477 (6th Cir. 2005); <u>Coleman v. Mitchell</u>, 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263-264 (1989). The last explained state court ruling is used to make this determination. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-805 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this prosecutorial misconduct claim. In denying relief, the court relied upon a state procedural bar – Petitioner's failure to object at trial. <u>Brown</u>, 2010 WL 1814150 at *4. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. <u>People v. Carines</u>, 597 N.W.2d 130, 138 (1999); <u>People v. Stanaway</u>, 521 N.W.2d 557, 579 (1994); <u>see also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750-751 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. <u>Paprocki v. Foltz</u>, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. <u>Girts v. Yanai</u>, 501 F.3d 743, 755 (6th Cir. 2007); <u>Hinkle v. Randle</u>, 271 F.3d 239, 244 (6th Cir. 2001); <u>Seymour v. Walker</u>, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. <u>McBee v. Abramajtys</u>, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied relief on this claim based a procedural default – Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.

Coleman, 501 U.S. at 753; Gravley v. Mills, 87 F.3d 779, 784-785 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated the ability to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. McCleskey v. Zant, 499 U.S. 467, 493-494 (1991).

Petitioner neither alleges nor establishes cause to excuse this default.[3] A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court notes that Petitioner cannot establish prejudice (or that she is otherwise entitled to habeas relief on the merits of this claim) because, as explained by the Michigan Court of Appeals in reviewing the claim for plain error, the claim also lacks merit. See Brown, 2010 WL 1814150 at *4-5.

The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." Berger v. United States, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v.

---

[3] Petitioner instead asserts that trial counsel objected during the prosecution's questioning of Dr. DeJong. The record indicates that counsel objected to a question on this issue as argumentative and the trial court sustained the objection. See 8/20/08 Trial Tr. at 202, PageID.1594 (Dkt. 15-14). Counsel, however, did not object to the alleged burden of proof shifting remarks during closing rebuttal argument or otherwise make a burden shifting objection. See 8/21/08 Trial Tr. at 85, PageID.1723 (Dkt. 15-15).

DeChristoforo, 416 U.S. 637, 643 (1974); see also Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citing Donnelly); Parker v. Matthews, 567 U.S. 37, 45 (2012) (confirming that Donnelly/Darden is the proper standard).  It is well-settled that a prosecutor may not shift the burden of proof to the defendant, Patterson v. New York, 432 U.S. 197, 215 (1977), or imply that the defendant has "any obligation to produce evidence to prove his innocence."  Joseph v. Coyle, 469 F.3d 441, 474 (6th Cir. 2006) (quoting United States v. Clark, 982 F.2d 965, 968–969 (6th Cir. 1993)).

In this case, the prosecutor did not improperly shift the burden of proof to the defense. Rather, the prosecutor's argument was made in response to Dr. DeJong's testimony criticizing Dr. Dragovic's handling of the tissue samples and was an appropriate challenge to Dr. DeJong's own credibility.  A prosecutor may highlight inconsistencies or inadequacies in the defense, Bates v. Bell, 402 F.3d 635, 646 (6th Cir. 2005), and point out the lack of evidence supporting the defense theory.  United States v. Forrest, 402 F.3d 678, 686 (6th Cir. 2005).  Moreover, to the extent that the prosecutor's argument could be seen as improper, it was not so pervasive or misleading as to affect the fairness of the trial.  Any potential prejudice to Petitioner was also mitigated by the fact that the trial court instructed the jury that it should consider the prosecutor's argument only as it related to Dr. DeJong's credibility and instructed the jury on the appropriate burden of proof.  See 8/21/08 Trial Tr. at 87-88, PageID.1725-1726.  Jurors are presumed to follow the court's instructions.  See Penry v. Johnson, 532 U.S. 782, 799 (2001) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); United States v. Powell, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it.").  Petitioner fails to establish that the prosecutor's argument rendered her trial fundamentally unfair.

Petitioner also fails to establish that a fundamental miscarriage of justice occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably

resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 326-327 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires a petitioner to support his [or her] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324.

Petitioner makes no such showing.  She references reports of local boys seeing the victim with a man at the park and a police interview with a possible suspect in Virginia.  Some of that information was part of the police investigation and was known at the time of trial, see 8/15/08 Trial Tr. at 175-176, PageID.1187-1188 (Dkt. 15-12); 8/20/08 Trial Tr. at 156, PageID.1548, and none of the information constitutes reliable evidence of Petitioner's innocence.  In fact, former police detective Francis Tull's interview indicates that the police investigated the boys' reports, conducted a lineup, traveled to Virginia, and ruled out the suspect.  See Pet. Traverse, Interview Tr. Attach. at 31D-31E, PageID.3390-3391 (Dkt. 36).  Petitioner does not offer any affidavits or other reliable evidence in support of this claim.  Her unsubstantiated and speculative allegations that someone else may have committed the crime do not satisfy the demanding standard for "new reliable evidence" of actual innocence.  See Schlup, 513 U.S. at 329; see also Townsend v. Lafler, 99 F. App'x 606, 610 (6th Cir. 2004) (habeas petitioner failed to support actual innocence claim absent affidavit from person with information showing that someone else committed the crime). This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### B. Right to Present a Defense Claim

Petitioner also asserts that she is entitled to habeas relief because the trial court violated her right to present a defense by precluding her from introducing hearsay evidence from a police

report that a group of young boys had identified the victim and another boy walking down the street on the day the victim disappeared. At trial, Petitioner sought to admit the evidence under the "catchall exception" to the hearsay rule, Mich. R. Evid. 803(24), but the trial court ruled that the evidence was not admissible under that rule because it lacked circumstantial guarantees of trustworthiness. Brown, 2010 WL 1814150 at *5. Respondent contends that this claim is barred by procedural default and that it lacks merit.

As discussed, federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright, 433 U.S. at 85-87. The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." White, 431 F.3d at 524; see also Howard, 405 F.3d at 477; Coleman, 244 F.3d at 539. The last explained state court judgment should be used to make this determination. Ylst, 501 U.S. at 803-805. If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. Id.

The Michigan Court of Appeals rendered the last reasoned opinion on this right to present a defense claim. In denying relief, the court relied upon a state procedural bar – Petitioner's failure to object at trial on the same basis, the constitutional right to present a defense, as she argued on appeal. Brown, 2010 WL 1814150 at *5. As discussed, the failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. Carines, 597 N.W.2d at 138; Stanaway, 521 N.W.2d at 579; see also Coleman, 501 U.S. at 750-751. Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. Paprocki, 869 F.2d at 285. Plain error review does not constitute a waiver of state procedural default rules. Girts, 501 F.3d at 755; Hinkle, 271 F.3d at 244;

Seymour, 224 F.3d at 557.  Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative.  McBee, 929 F.2d at 267.  The Michigan Court of Appeals denied relief on this claim based a procedural default – Petitioner's failure to object on constitutional grounds at trial.

Again, as discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750-751; Gravley, 87 F.3d at 784-785.  Petitioner neither alleges nor establishes cause to excuse this procedural default.  Consequently, this Court need not address the issue of prejudice on habeas review.  Smith, 477 U.S. at 533; Long, 722 F.2d at 289.

The Court further finds, however, that Petitioner cannot establish actual prejudice (or that she is otherwise entitled to habeas relief on the merits of this claim) because, as explained by the Michigan Court of Appeals in reviewing the claim for plain error, the claim also lacks merit.  See Brown, 2010 WL 1814150 at *5-6.

First, to the extent that Petitioner asserts that the trial court erred in excluding the report under the Michigan Rule of Evidence or any other provision of Michigan law, she merely alleges a violation of state law which does not justify federal habeas relief.  Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of

14

state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).

Second, with respect to federal law, Petitioner fails to establish a constitutional violation. The right of an accused to present a defense has long been recognized as "a fundamental element of due process." Washington v. Texas, 388 U.S. 14, 19 (1967); see also Holmes v. South Carolina, 547 U.S. 319, 329-331 (2006) (state rule excluding evidence of third-party guilt based solely on strength of prosecution's case violated defendant's right to present a defense); Chambers v. Mississippi, 410 U.S. 284, 302 (1973) (exclusion of hearsay statements critical to defense which "bore persuasive assurances of trustworthiness," coupled with refusal to permit cross-examination of the declarant, violated defendant's right to due process).

A defendant's right to present evidence is not unlimited, however, and may be subject to "reasonable restrictions." United States v. Scheffer, 523 U.S. 303, 308 (1998). A defendant "does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (quoting Taylor v. Illinois, 484 U.S. 400, 410 (1988)); see also Holmes, 547 U.S. at 326 (recognizing that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury"). When deciding if the exclusion of evidence impairs a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. The question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)); see also Chambers, 410 U.S. at 302.

In this case, the exclusion of the police report did not deprive Petitioner of the right to present a defense. While the trial court excluded the police report, the trial court allowed the

admission of other evidence which indicated that the victim was with another boy or group of boys on the day he disappeared. Such evidence included Petitioner's recorded 1985 police statement in which she detailed her actions on the day the victim disappeared, <u>see</u> 8/20/08 Trial Tr. at 144-149, PageID.1536-1541, testimony from the victim's mother that Petitioner told her that she saw the victim on the street with another boy before he disappeared, <u>see</u> 8/14/08 Trial Tr. at 57, PageID.964 (Dkt. 15-11), testimony from Petitioner's daughter that she saw the victim walk toward the park with other boys and then saw those boys two hours later without the victim, <u>see</u> 8/20/08 Trial Tr. at 224-227, 230, 232-233, 241, PageID.1616-1619, 1622, 1624-1625, 1633, and former police chief David Barker's testimony that Petitioner said she saw the victim standing on the street with a boy before he disappeared and that he investigated a group of young people who might have seen the victim walking down the street with another boy before his disappearance. <u>See</u> 8/15/08 Trial Tr. at 170, 175-176, PageID.1182, 1187-1188. Thus, the hearsay evidence from the police report would have been cumulative to other evidence submitted at trial. Moreover, Petitioner's defense at trial was to challenge the prosecution's expert testimony, attack the credibility of prosecution witnesses, particularly Cathy Pettiford, and highlight Petitioner's own cooperation, her police statement, and her lack of motive and opportunity to commit the crime. <u>See</u> 8/21/08 Trial Tr. at 44-73, PageID.1682-1711. Petitioner was not deprived of a meaningful opportunity to present a complete defense.

Finally, as discussed <u>supra</u>, Petitioner fails to establish that a fundamental miscarriage of justice occurred as she fails to present new reliable evidence of her actual innocence. <u>Bousley</u>, 523 U.S. at 624; <u>Schlup</u>, 513 U.S. at 324-327. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### C. Confrontation Claim

Petitioner next asserts that she is entitled to habeas relief because her confrontation rights were violated when Cathy Pettiford testified that co-defendant Montel Pettiford told her that he drowned the victim. Respondent contends that this claim is barred by procedural default and that it lacks merit.

As discussed, federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. Wainwright, 433 U.S. at 85-87. The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." White, 431 F.3d at 524; see also Howard, 405 F.3d at 477; Coleman, 244 F.3d at 539. The last explained state court judgment should be used to make this determination. Ylst, 501 U.S. at 803-805. If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. Id.

The Michigan Court of Appeals rendered the last reasoned opinion on this right to confrontation claim. In denying relief, the court relied upon a state procedural bar – Petitioner's failure to object at trial. Brown, 2010 WL 1814150 at *6. As discussed, the failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. Carines, 597 N.W.2d at 138; 521 N.W.2d at 579; see also Coleman, 501 U.S. at 750-751. Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. Paprocki, 869 F.2d at 285. Plain error review does not constitute a waiver of state procedural default rules. Girts, 501 F.3d at 755; Hinkle, 271 F.3d at 244; Seymour, 224 F.3d at 557. Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. McBee, 929 F.2d at 267. The Michigan Court of Appeals denied relief on this claim based a procedural default – Petitioner's failure to object at trial.

Again, as discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman, 501 U.S. at 750-751; Gravley, 87 F.3d at 784-785. Petitioner neither alleges nor establishes cause to excuse this procedural default. Consequently, this Court need not address the issue of prejudice. Smith, 477 U.S. at 533; Long, 722 F.2d at 289.

The Court further finds, however, that Petitioner cannot establish actual prejudice (or that she is otherwise entitled to habeas relief on the merits of this claim) because, as explained by the Michigan Court of Appeals in reviewing the claim for plain error, the claim also lacks merit. See Brown, 2010 WL 1814150 at *6-7.

The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him. Davis v. Alaska, 415 U.S. 308, 315 (1973). In Crawford v. Washington, 541 U.S. 36, 54 (2004), the Supreme Court held that the testimonial statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. Testimonial statements include grand jury testimony, preliminary hearing testimony, and prior trial testimony, as well as statements made during police interrogations. Id. at 54. Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. Id. at 51-52, 56; United States v. Martinez, 430 F.3d 317, 328-329 (6th Cir. 2005); see also United States v. Stover, 474 F.3d 904, 912-913 (6th Cir. 2007). The Confrontation Clause is not implicated, and thus need not be considered, however, when non-testimonial hearsay is at issue. Davis v. Washington, 547 U.S. 813, 823-826 (2006); Desai v. Booker, 538 F.3d 424, 425-426 (6th Cir. 2008); see also Whorton v. Bockting, 549 U.S. 406, 420

(2007) (noting that the Confrontation Clause "has no application to such statements and therefore permits their admission even if they lack indicia of reliability").

In this case, co-defendant Montel Pettiford's statements about the victim were made to Cathy Pettiford, his wife at the time, and were non-testimonial. Consequently, their admission into evidence at trial did not violate Petitioner's confrontation rights. Moreover, "because it is premised on the Confrontation Clause, the Bruton[4] rule (concerning the admissibility of a non-testifying co-defendant's statements), like the Confrontation Clause itself, does not apply to non-testimonial statements." United States v. Johnson, 581 F.3d 320, 326 (6th Cir. 2009) (footnote added). This claim lacks merit.[5]

Lastly, as discussed supra, Petitioner fails to establish that a fundamental miscarriage of justice occurred as she fails to present new reliable evidence of her actual innocence. Bousley, 523 U.S. at 624; Schlup, 513 U.S. at 324-327. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### D. Immunity Agreement Claim

Petitioner also seems to assert that she is entitled to habeas relief because the trial court erred in admitting Cathy Pettiford's testimony about her immunity agreement. Respondent did not specifically address this claim.[6]

---

[4] In Bruton v. United States, 391 U.S. 123, 126, 135-136 (1968), the Supreme Court held that the admission at a joint trial of a non-testifying codefendant's "extrajudicial statement that his codefendant participated with him in committing the crime" violated the Confrontation Clause.

[5] In her reply brief, Petitioner states that she is also asserting that the admission of Montel Pettiford's statement to Cathy Pettiford violated her due process rights and that she re-characterized this issue as a due process claim in her motion for relief from judgment. Any such due process claim is barred by procedural default as discussed infra.

[6] It is not entirely clear whether Petitioner seeks to pursue this claim on habeas review, but since she raised it on direct appeal, the Court will address it.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. Estelle, 502 U.S. at 67–68; Serra, 4 F.3d at 1354. "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (quoting Estelle, 502 U.S. at 69-70); see also Wynne v. Renico, 606 F.3d 867, 871 (6th Cir. 2010) (citing Bey v. Bagley, 500 F.3d 514, 519-520 (6th Cir. 2007)); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals denied relief on this claim finding that the issue of Cathy Pettiford's immunity agreement was a proper subject of examination as it was relevant to her credibility. Brown, 2010 WL 1814150 at *7. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that the trial court erred in admitting the testimony under the Michigan Rule of Evidence or any other provision of Michigan law, she merely alleges a violation of state law which does not justify federal habeas relief. Estelle, 502 U.S. at 67-68. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis, 497 U.S. at 780; see also Bradshaw, 546 U.S. at 76; Sanford, 288 F.3d at 860.

Second, with regard to federal law, Petitioner fails to establish a constitutional violation. Cathy Pettiford's testimony about her immunity agreement was relevant to her credibility and was properly admitted into evidence at trial. Petitioner fails to establish that such testimony was improper or that it rendered her trial fundamentally unfair. To be sure, the existence of an immunity agreement would tend to benefit the defense as it affects the witness's credibility. Habeas relief is not warranted on this claim.

### E. Collateral Review Claims

Petitioner's remaining habeas claims were all raised for the first time in her motion for relief from judgment on collateral review in the state courts. Respondent contends that the claims are barred by two procedural defaults: (1) the failure to raise the claims, except the ineffective assistance of appellate counsel claim, on direct appeal and raising them for the first time on collateral review and (2) the failure to properly exhaust all of the claims on collateral review due to her untimely application for leave to appeal in the Michigan Supreme Court.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Wagner v. Smith, 581 F.3d 410, 414-415 (6th Cir. 2009). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

The Court agrees that Petitioner did not properly exhaust these claims in the state courts. Petitioner first presented the claims to the state courts on collateral review in her motion for relief from judgment. The trial court denied relief on the claims finding that Petitioner failed to show cause and prejudice for failing to raise certain claims on direct appeal, that certain claims had been decided against her on direct appeal, and that the claims lacked merit. The Michigan Court of Appeals denied relief pursuant to Michigan Court Rule 6.508(D)(2) and Michigan Court Rule

6.508(D)(3)(a) and (b). Petitioner then failed to properly exhaust these claims in the state courts because she did not timely seek leave to appeal with the Michigan Supreme Court. Additionally, any attempt to return to state court to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. Gadomski v. Renico, 258 F. App'x 781, 783 (6th Cir. 2007); Hudson v. Martin, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he or she has procedurally defaulted those claims for purposes of federal habeas review. See Gray v. Netherland, 518 U.S. 152, 161-162 (1996); Pudelski v. Wilson, 576 F.3d 595, 605 (6th Cir. 2009) (citing Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir. 2002)). The Sixth Circuit has explained:

> If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991).

Hannah v. Conley, 49 F.3d 1193, 1195-1196 (6th Cir. 1995). Petitioner procedurally defaulted these claims by failing to timely seek leave to appeal with the Michigan Supreme Court on collateral review.

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. Coleman, 501 U.S. at 753; Gravley, 87 F.3d at 784-785. As an initial matter, the Court notes that any alleged deficiencies by appellate counsel, while perhaps pertinent to Petitioner's failure to raise claims on direct appeal, are immaterial to Petitioner's failure to

properly exhaust these claims in the Michigan Supreme Court on collateral review. Petitioner alleges that she miscalculated the time frame for filing an application for leave to appeal with the Michigan Supreme Court (due to migraines, high blood pressure, and dizziness) as cause to excuse this procedural default. Such a calculation error and manageable medical conditions, however, are insufficient to establish cause to excuse a procedural default. See Murray, 477 U.S. at 488 (petitioner must establish some external impediment prevented compliance with the state procedural rule); Amadeo, 486 U.S. at 223 (petitioner must present a substantial reason to excuse the default); McCleskey, (cause may include interference by officials, ineffective assistance of counsel, or a showing that the claim's factual or legal basis was not reasonably available). A prisoner's pro se status or lack of knowledge about state court rules also does not constitute cause to excuse a procedural default. Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995); Robertson v. Abramajtys, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001).

Because Petitioner fails to establish sufficient cause to excuse this procedural default, the Court need not address the issue of prejudice on habeas review. Smith, 477 U.S. at 533; Long, 722 F.2d at 289. Nonetheless, the Court notes that Petitioner cannot establish prejudice (or that she is otherwise entitled to relief on these claims) as the claims lack merit for the reasons stated by the state trial court in denying Petitioner's motion for relief from judgment, see Brown, No. 07-21158-FC (Genesee Co. Cir. Ct. Feb. 18, 2014 & April 9, 2014), and as discussed by Respondent. See Resp. Answer at 59-70, PageID.2630-2641 (Dkt. 34).

Lastly, as discussed supra, Petitioner fails to establish that a fundamental miscarriage of justice occurred as she fails to present new reliable evidence of her actual innocence. Bousley, 523 U.S. at 624; Schlup, 513 U.S. at 324-327. These claims are thus barred by procedural default, otherwise lack merit, and do not warrant habeas relief.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on her claims. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 528 U.S. at 484-485.

Having considered the matter, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to her habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural rulings. Accordingly, the Court denies a certificate of appealability. The Court also denies Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

SO ORDERED.

Dated: July 13, 2018                    s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2018.

s/Karri Sandusky
Case Manager